## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LEON SHAWN COLLINGTON** | : | **CASE NO.: 3:17-CV-00945 (JAM)** |
| Plaintiff, | : | |
| | : | |
| | : | |
| **JOSEPH DELANY, and** | : | |
| **TIDEWATER EXPRESS, INC.** | : | |
| Defendants | : | **MAY 7, 2018** |

## REQUEST FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT

The undersigned is hereby moving this Honorable Court for permission to file the attached "First Amended Complaint," which seeks to correct an error from the original complaint concerning the date of the subject motor vehicle collision.

Respectfully Submitted.

Dated: Norwalk, Connecticut
May 7, 2018

                                                                   PLAINTIFF,
                                                                   LEON SHAWN COLLINGTON

                                                                   _s/ct27963/_____
                                                                   Devin W. Janosov, Esq.
                                                                   Papcsy Janosov Roche
                                                                   53 East Ave.
                                                                   Norwalk, CT 06851
                                                                   (203) 642.3888

## **ORDER**

The foregoing REQUEST, having been considered by this Hoinorable Court, is hereby ORDERED:

      GRANTED/DENIED

      _____
      Judge/Clerk of the District Court

## **CERTIFICATION**

I hereby certify that on May 7, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the notice of electronic Filing. Parties may access the filing through the Court's CM/ECF System.

                                                    __s/ct27963/_____
                                                    Devin W. Janosov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **LEON SHAWN COLLINGTON** | : | **CASE NO.: 3:17-CV-00945 (JAM)** |
| Plaintiff, | : | |
| | : | |
| | : | |
| **JOSEPH DELANY, and** | : | |
| **TIDEWATER EXPRESS, INC.** | : | |
| Defendants | : | **MAY 7, 2018** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**FIRST COUNT:**   (As to the Defendant, JOSEPH DELANY, Negligence)

1. On or about May 1, 2015, at approximately 6:12 a.m., the Plaintiff, LEON SHAWN COLLINGTON (Hereinafter "COLLINGTON"), was the operator of a 2006 KW T800 commercial motor vehicle, Connecticut Registration 45070A, traveling northbound on Interstate 95 entering the Fairfield Rest Area, in the Town of Fairfield, County of Fairfield, and State of Connecticut.

2. At the same time and place, the Defendant, JOSEPH DELANY (Hereinafter "DELANY"), was the operator of a 2007 Freight Model TT commercial motor vehicle, Maryland registration 795F09, parked in the fire lane of the northbound Interstate 95 Fairfield Rest Area, in the Town of Fairfield, County of Fairfield, and State of Connecticut, impeding the travel portion of the roadway, when the Plaintiff struck the rear of the Defendant's vehicle.

3. The aforesaid violent collision and the resulting injuries were caused by the negligence of the Defendant, DELANY, in one or more of the following ways:

   a. IN THAT he parked his vehicle on the left-hand side of and within the travel portion of the roadway, thereby obstructing traffic in direct violation of C.G.S. §14-251;

   b. IN THAT he parked his vehicle in a fire lane in direct violation of municipal and/or state ordinance defining, designating and prohibiting the parking therein of a fire lane which was, at all times referenced herein, clearly marked and/or delineated;

   c. IN THAT he failed to exercise reasonable care in ensuring his vehicle was parked outside of the travel portion of the roadway;

   d. IN THAT he failed to warn oncoming operators that his vehicle was obstructing the travel portion of the roadway;

   e. IN THAT he failed to keep his vehicle under reasonable and proper control;

   f. IN THAT he parked his vehicle in such a way that caused a hazard to oncoming vehicles as it was parked within the "cars only" entrance of the rest area and impeded on the travel portion of the roadway, which a

      reasonable person would have or should have known would be unreasonably hazardous; and

  g. IN THAT he failed to exercise reasonable care in parking his vehicle within the rest area.

4. The collision described above seriously injured the Plaintiff, COLLINGTON. More specifically, COLLINGTON, suffered the following painful and serious injuries, some or all of which may be permanent in nature:

  a. Chest pain;

  b. Right side pain;

  c. Low back pain;

  d. Left elbow pain;

  e. Bilateral leg pain;

  f. Deformities to his upper and lower extremities;

  g. CT scans;

  h. X-Ray imaging;

  i. Fractured ribs (5 and 6)

  j. Pulmonary contusion;

  k. Right lobe pneumothorax;

  l. Grade 2 liver laceration;

  m. Chest wall injury;

n. Invasive testing and/or monitoring;

o. Lung contusion;

p. Closed rib fracture;

q. Forearm pain;

r. Lumbago;

s. Bruising;

t. Abrasions;

u. Difficulty breathing;

v. Right shoulder pain;

w. Decreased range of motion to the right shoulder;

x. Wrist tenderness;

y. Adhesive capsulitis of the right shoulder;

z. Acute costochondritis;

aa. Sternocastal pain;

bb. Contusion of the right chest wall;

cc. Right pulmonary contusion;

dd. Contusion of the left elbow;

ee. Elbow strain;

ff. Impaired posture;

gg. Impaired muscle performace;

      hh. Impaired joint mobility;

      ii. Ligament or connective tissue disorder;

      jj. Hand therapy;

      kk. Sacroiliac joint injections;

      ll. Trigger point injections;

      mm. Pain;

      nn. Suffering;

      oo. Mental anguish;

      pp. Sleeplessness;

      qq. Anxiety; and

      rr. Emotional distress.

5. As a result of the aforementioned injuries, resulting from the negligence of the Defendant, DELANY, the Plaintiff, COLLINGTON, has expended large sums of money for medical treatment and will likely be forced to incur more of such costs for medical treatment in the future.

6. As a result of the aforementioned injuries, resulting from the negligence of the Defendant, DELANY, the Plaintiff, COLLINGTON'S, ability to carry on and enjoy life's activities has been disrupted and he will likely be restricted in the activities in which he can engage in the future.

7. As a result of the aforementioned injuries, resulting from the negligence of the Defendant, DELANY, the Plaintiff, COLLINGTON, has become anxious and fearful of increased risk of future injuries.

8. As a result of the aforementioned injuries, resulting from the negligence of the Defendant, DELANY, the Plaintiff, COLLINGTON, has been restricted in his employment and may be restricted in his employment in the future, to his financial detriment.

**SECOND COUNT:** **(As to the Defendant, TIDEWATER EXPRESS, INC., Vicarious Liability.**

1-3. Paragraphs one (1) through three (3), inclusive, of the First Count, are hereby re-alleged and made paragraphs one (1) through three (3), inclusive, of this, the Second Count, as if fully set forth herein.

4. At all times mentioned herein, the Defendant, DELANY, operated, and was operating, said 2007 Freight Model commercial motor vehicle with the express consent, knowledge, and permission of the registered owner, and employer of Defendant, DELANY, Co-Defendant, TIDEWATER EXPRESS, INC. (Hereinafter "TIDEWATER").

5-9. Paragraphs four (4) through eight (8), inclusive, of the First Count, are hereby re-alleged and made paragraphs five (5) through nine (9), inclusive, of this, the Second Count, as if fully set forth herein.

10. The Defendant, TIDEWATER, is liable pursuant to C.G.S. §52-183 to the Plaintiff, COLLINGTON, for the injuries he sustained in the aforementioned motor vehicle collision.

11. The Defendant, TIDEWATER, is liable pursuant to C.G.S. §52-182 to the Plaintiff, COLLINGTON, for the injuries he sustained in the aforementioned motor vehicle collision.

WHEREFORE, the Plaintiff claims:

a. Monetary damages; and

b. Such other and further relief as this Honorable Court may deem just and equitable.

Dated: Norwalk, Connecticut
May 7, 2018

                                           PLAINTIFF,
                                           LEON SHAWN COLLINGTON

                                           _s/ct27963/_____
                                           Devin W. Janosov, Esq.
                                           Papcsy Janosov Roche
                                           53 East Ave.
                                           Norwalk, CT 06851
                                           (203) 642.3888

**CERTIFICATION**

I hereby certify that on May 7, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the notice of electronic Filing. Parties may access the filing through the Court's CM/ECF System.

                                                __s/ct27963/_____
                                                Devin W. Janosov